IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRUMBULL-GREAT LAKES-RUHLIN, | CASE NO. 1:18 CV 745 |
| Plaintiff/Counter-Defendant, | |
| v. | JUDGE DONALD C. NUGENT |
| VERITAS STEEL, LLC, | |
| Defendant/Counter-Plaintiff/ Third-Party Plaintiff/Counter-Defendant, | |
| v. | MEMORANDUM OPINION AND ORDER |
| TRUMBULL CORPORATION, et al., | |
| Third Party Defendants. | |

This matter is before the Court on Defendant/Counter-Plaintiff/Third-Party Plaintiff/Counter-Defendant Veritas Steel, LLC's ("Veritas") Motion to Dismiss Third-Party Defendant Amelie Construction & Supply, LLC's ("Amelie") Counterclaim. (Docket #35.) Veritas asks the Court to Dismiss Amelie's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) and Fed R. Civ. P. 17.

I.  **Procedural Background.**

In 2013, Plaintiff, Trumbull-Great Lakes-Ruhlin, a Joint Venture ("TGR"), was awarded the Construction Contract for the Ohio Department of Transportation ("ODOT") #CUY-90-14.90, Project Number 133000, Cleveland Innerbelt Bridge Project-CCG2 in Cleveland, Ohio

("the Project"). TGR contracted with Veritas to fabricate and supply steel for certain parts of the Project. Amelie, one of TGR's subcontractors, also contracted with Veritas to fabricate and supply steel for certain parts of the Project. Issues arose during the construction process, resulting in change orders associated with the work Veritas was required to perform.

On April 3, 2018, TGR filed the instant lawsuit against Veritas, alleging claims for Breach of Contract, Breach of Express Warranty; and Express Indemnification. TGR seeks damages for what it alleges was defective work and deficient performance by Veritas in connection with various parts of the Project.

On June 11, 2018, Veritas filed a Counterclaim against TGR and a Third-Party Complaint against Amelie, alleging TGR and Amelie each breached the terms of Purchase Orders related to Hand Rail Changes for the Project. (Docket #10.) Veritas alleges it has been damaged in the amount of $2,021,985.00 – $1,287,357.00 attributable to an alleged breach by TGR and $734,628.00 attributable to an alleged breach by Amelie. Veritas also alleges a separate claim against TGR for Breach, Mismanagement and Interference, alleging it has been damaged to the extent of "millions of dollars."

On August 10, 2018, Amelie filed its Answer to Veritas' Third-Party Complaint, and included a Counterclaim against Veritas. (Docket #24.) Like TGR, Amelie alleges Breach of Contract; Breach of Express Warranty; and, Express Indemnification against Veritas, arising from Veritas' allegedly defective work and deficient performance.

On August 30, 2018, Veritas filed a Motion to Dismiss Amelie's Counterclaim. (Docket #35.) Citing Fed. R. Civ P. 12(b)(6) and Fed. R. Civ. P. 17, Veritas argues that Amelie's Counterclaim fails to state a cause of action because Amelie has alleged that TGR – not Amelie – suffered damages, and that TGR is the proper party to bring claims to remedy its damages.

Amelie filed a Memorandum in Opposition on September 26, 2018, arguing that the Hold Harmless Agreement executed between TGR and Amelie constitutes a complete assignment of TGR's claims to Amelie. (Docket #37.) Veritas filed a Reply Brief on October 23, 2018. (Docket #38.)

## II. Standard of Review.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

### III. Discussion.

Fed. R. Civ. P. 17(a) requires an action be prosecuted in the name of the real party in interest. As set forth in the Advisory Committee Notes to Rule 17, "[T]he modern function of the rule . . . is simply to protect a defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17, Advisory Committee Notes.

Veritas' Third-Party Complaint seeks $734,628.00 directly from Amelie for an alleged breach of the Purchase Agreement executed between Veritas and Amelie. In its Counterclaim against Veritas, Amelie alleges that Veritas failed to fulfill its contractual obligations; breached express warranties; and, failed to comply with an express indemnification clause, by which Veritas expressly agreed to indemnify Amelie and TGR for damages, losses, delays, and expenses, including attorneys' fees, arising from or directly resulting from Veritas' work. Amelie's claims mirror the claims raised by TGR against Veritas.

At this early stage it is impossible to determine the nature and/or extent of damages suffered by or attributable to any of the Parties involved, and it is unclear to what extent Veritas' alleged claims and damages, if proven, would be subject to set-off if TRG and/or Amelie's claims against it are successful. While Veritas and Amelie disagree as to whether the Hold

Harmless Agreement executed between TGR and Amelie constitutes a valid assignment, Veritas is at no risk of subsequent litigation by a different plaintiff or an incomplete resolution of all of the claims in this case by allowing Amelie's Counterclaim to proceed. In fact, quite the opposite, as the inclusion and litigation of Amelie's Counterclaim will ensure a complete resolution between the Parties to this action and is unlikely to place any additional burden on Veritas. TGR and Amelie are represented by the same Counsel; appear to agree and assert together that the Hold Harmless Agreement constitutes an assignment; and, there is no indication that TGR and Amelie's claims are intended to be duplicative. Furthermore, as argued by Amelie, nothing prevents TGR from executing a new assignment agreement and seeking leave to amend its Counterclaim against Veritas, thereby curing any perceived deficiencies in the asserted assignment.

**IV. Conclusion.**

Amelie's claims against Veritas are plausible and pled sufficiently to withstand the instant dismissal motion. Accordingly, Veritas' Motion to Dismiss (Docket #35) is hereby DENIED.

IT IS SO ORDERED.

                                                s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                Senior United States District Judge

DATED: December 14, 2018